EL PUEBLO, DEMANDANTE Y APELADO, *v.* COLL, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por infracción al artículo 2 de la Ley Reglamentando el Peso de Pan, de 1917.

No. 1275.—Resuelto en junio 28, 1918.

PAN—PAN DULCE—PESAS Y MEDIDAS.—Los preceptos de la sección 2 de la Ley No. 13 de 1917, relativos a que el pan que se venda u ofrezca en venta deberá llevar su rótulo claro con el peso correcto y el nombre del fabricante, son generales, y comprenden al pan denominado dulce.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. José D. Rodríguez.*
Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Miguel Coll Mayol fué acusado por "ofrecer y tener para la venta en un cafetín pan sin estar rotulado, indicando el peso de cada bollo ni el nombre del fabricante," en octubre 17 de 1917. Fué condenado por la corte municipal. Apeló, y condenado también por la de distrito, recurrió para ante este Tribunal Supremo.

En el acto del juicio el acusado introdujo como prueba una carta fechada el 27 de octubre de 1917, firmada por Manuel Gorbea, Jefe del Negociado de Pesas y Medidas, que dice: "En contestación a su carta fecha 25 del mes corriente, tengo el honor de informarles que los panecillos de fantasía dulces, y cuyo peso sea menor de cien gramos, no están sujetos al requisito de la rotulación. En opinión de este negociado esos panecillos deben considerarse como dulces, al igual que los bizcochos, panes de mallorca, panes suizos, etc." El fiscal se opuso, y la corte se negó a aceptar la carta como prueba. Alega el acusado que la corte erró al proceder de tal modo. La carta es de fecha posterior a la comisión del delito y contiene una opinión de un funcionario público y nada más. En cuanto a la aplicación del artículo 27 del reglamento de pesas y medidas, no se necesitaba la carta para invocarla. No se ha cometido el error señalado. Véase la decisión de esta corte de 25 de junio actual en el caso No. 1274, *El Pueblo* v. *Coll*, (pág. 444).

La prueba practicada demuestra que el pan que se vendió en este caso era pan dulce cuyo peso no llegaba a cien gramos. Y el apelante sostiene que tal hecho no constituye infracción alguna penada por la ley.

Se imputa directamente al acusado la violación de la sección 2 de la Ley No. 13 de 1917, que dispone que todo pan que se venda o se ofrezca para la venta en Puerto Rico y cuyo peso sea mayor o *menor* que el que se establece para la unidad tipo (453 gramos), deberá llevar su rótulo claro con

el peso correcto y el nombre del fabricante.   La ley no distingue, se refiere a pan en general, y en cuanto al peso sólo excluye de la necesidad del rótulo a la unidad típica.

El Negociado de Pesas y Medidas dirigió, el 23 de abril de 1917, la circular No. 55, a los fabricantes y vendedores de pan de la Isla, en la cual se dan reglas para el mejor cumplimiento de la ley.   Nada existe en dicha circular que pueda favorecer la contención del apelante.

El apelante se basa en el artículo XXVII de las Reglas y Reglamentos de 3 de diciembre de 1913, para poner en vigor la Ley de Pesas y Medidas de 18 de agosto de 1913, que termina así: "Las disposiciones de este artículo no se interpretarán como aplicables a bizcochos, etc., que pesen menos de 100 gramos (o ¼ de libra)."   Y, además, en la circular No. 6, de mayo 3, 1914, del Negociado de Pesas y Medidas, en cuyo párrafo segundo, se dice: "Los bizcochos, etc., y los panes dulces y de fantasía que pesen menos de un cuarto de libra o de 100 gramos, son los únicos que se eximen de los requisitos de este artículo."

Como puede verse, tanto la regla como la circular invocadas son anteriores a la Ley No. 13 de 12 de abril de 1917.

La regla no está en conflicto con la ley nueva, ya que habla solamente de bizcochos, pero sí la circular en el particular indicado.

El único medio de excluir el "pan dulce" de los efectos de la Ley No. 13 de 1917, sería llegando a la conclusión de que aunque se le llama pan no es tal pan dentro del significado y de la intención de la ley.   No se ha demostrado que ese sea el caso y entre tanto debe aplicarse la ley en toda su extensión.

Debe confirmarse la sentencia recurrida por virtud de la cual se condenó al acusado a pagar un peso de multa y en su defecto a sufrir un día de cárcel.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.